1

2

3

4

5

6                                          IN THE UNITED STATES DISTRICT COURT

7                                        FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9    JENNIFER JORDAN,                                    No. C-06-07965 JSW (EDL)

10            Plaintiff,                                 **ORDER RE: DISCOVERY DISPUTE**

11        v.

12   DOUBLECLICK INC.,

13            Defendant.

14   _____/

15          In accordance with Judge White's standing order, the parties in this employment

16   discrimination case filed a joint letter requesting the Court's intervention in a discovery dispute.  On

17   June 26, 2007, Judge White referred this case to this Court for resolution of this discovery dispute

18   and all future discovery matters.  Having reviewed the parties' joint letter, the Court issues the

19   following Order.

20          The discovery dispute presented is whether Defendant should be permitted to discover

21   Plaintiff's personnel file from her former employer, Eyeblaster.  There is a limited privacy right in

22   employment records; a court must carefully balance the right to privacy with the need for discovery.

23   See Board of Trustees of Leland Stanford Junior Univ. v. Superior Court, 119 Cal. App. 3d 516,

24   526-27 (1981).

25          Defendant states that Plaintiff "signed an authorization allowing any of her former employers

26   to furnish Doubleclick with any information concerning her background," and Plaintiff does not

27   deny that she did so.  Such an authorization, coupled with the fact that Plaintiff filed this lawsuit,

28   substantially reduces her privacy interest.  Even so, especially, as here, in the context of a third party

     subpoena, that privacy interest must be outweighed by relevance to justify intrusion into private

United States District Court
For the Northern District of California

matters.  Defendants have only made a sufficient showing of relevance for a limited subset of documents that may be contained in the personnel file.  Specifically, discoverable documents are those that address the subject matter of Plaintiff's statements to Defendant in the hiring process on which Defendant says it relied, i.e., her successful management (or lack thereof) of accounts at Eyeblaster and the reasons that certain accounts were transferred away from her at Eyeblaster. While earnings documents contained in the personnel file would also be relevant, Plaintiff states that she has already provided evidence establishing her earnings at Eyeblaster, so production of payroll records from Eyeblaster is not necessary.

Accordingly, Plaintiff shall obtain and review her personnel file from Eyeblaster as soon as possible, and produce documents from the file to Defendant in accordance with this Order and pursuant to the parties' protective order.

**IT IS SO ORDERED.**

Dated: July 26, 2007

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California

2